Crew, J.
Chapter 2, title 1, division 5 of the Revised Statutes of Ohio, provides when and how proceedings in aid of execution may be instituted, and points out the method of procedure. By section 5464 of said chapter it is provided, that any money, goods *308 or effects of a judgment debtor in the possession of a corporation, or any interest which he may have in any chose in action, may be reached and subjected to the payment of the judgment against him by action, which action is known and designated as a proceeding in aid of execution. .Section 5475 of the same chapter provides, that in such proceeding a corporation having property of the judgment debtor in its possession may be ordered to appear and answer concerning said property, and that the service of said order upon the Corporation, to appear and answer, shall hind the property of such judgment debtor in the possession or under the control of such corporation from the time of the service of such order. It appears in this case that on April 18, 1898, the defendant in error, The Towle Manufacturing Co., under favor of the provisions of this chapter, duly instituted proceedings in aid of execution against the plaintiff in error, Webb C. Rail and The American National Bank, and in such proceeding on April 18th, an order was duly made, issued and served upon said Webb C. Ball and The American Exchange National Bank, and said American Exchange National Bank was, by said, order, directed and required to appear before a referee duly appointed by the court, and answer concerning all property in its possession or under its control belonging to said defendant, Webb C. Ball. Subsequently, and in obedience to said order, said bank, by its proper officer, appeared before said referee in said proceeding and made its answer, and on April 27, 1898, said referee filed his report with the court, finding that said Webb C. Ball was the owner of ten shares of the capital stock of-The American Exchange Bank and that said stock was of the value of f1,200.00. On June 27, 1898, the *309 defendant in error, The Towle Manufacturing Co., commenced an action in the court of common pleas of Cuyahoga county, and in its petition alleged and claimed that by reason of said proceedings in aid of execution it had acquired a first and prior lien upon said ten shares of the capital stock of The American Exchange National Bank, and asking that said ten shares of stock be ordered sold and the proceeds applied to the payment of its judgment claim against said Webb C. Ball. To this action The American Exchange National Bank, Webb C. Ball and W. J. Crowell were made parties defendant. Said Webb O. Ball and W. J. Crowell answered severally, but the bank filed no answer. On the trial of the cause in the court of common pleas that court found the issues in favor of the plaintiff, The Towle Manufacturing Co., that it had a valid, first lien upon said ten shares of stock and adjudged and decreed that unless the amount found due plaintiff should be paid within five days from the date of said decree, that said ten shares of stock should be sold and the proceeds applied: First, to the payment of the costs of said action and the costs of said proceeding in aid of execution;: second, to the liquidation of plaintiff’s said claim and that the balance, if any, should be brought into court to abide the further order of the court. From this: finding and decree of the court of common pleas, the defendant, Webb C. Ball, appealed to the circuit court. On the hearing of the cause in the circuit, court, that court found and decreed as follows:
“On December 3, 1900, this cause came on to be heard upon the petition of plaintiffs, the answer of the defendants, Webb C. Ball and W. J. Crowell, the defendant, The American Exchange National Bank, being in default of answer or demurrer, although duly *310 served witli process, the court hearing the evidence and the argument of counsel and on consideration thereof finds that the allegations of the petition are true; that there is due to the plaintiff from defendant, Webb C. Ball, the sum of $864.86, with interest from October 22, 1900, the first day of this term of court upon the said judgment of the plaintiff .as described in the petition and the sum of $16.29 for costs incurred in the proceedings in aid of execution set out in said petition, and the costs of this action which are taxed at $--. That the said Webb C. Ball, on April 18,1898, was and still is the owner of ten shares of the capital stock of the said American Exchange National Bank; that the said ten shares of stock were issued to Webb C. Ball by certificate No. 15; that the par value of said stock is $100.00 per share and that on April 18, 1898, and on date of the commencement of this action, the value of the said ten shares of stock was not less than $1,200.00; and that The American Exchange National Bank was duly served with notice of the plaintiff’s proceeding in aid of execution as alleged in the petition, and that by virtue of the said proceedings in aid of .execution set out and described in the petition, the plaintiff on April 18, 1898, obtained a valid lien upon the said ten shares of capital stock of The American Exchange National Bank. The court further finds that on April 21, 1898, said •stock was pledged to the defendant, William J. Crowell, to secure an indebtedness of $200.00 due and payable from said Ball to said Crowell, and $1,000.00 additional money then loaned by said defendant to said Webb C. Ball. That the said pledge was made and duly delivered to the said W. J. Crowell by the said Webb C. Ball, who was in possession of the same at the time of the beginning of said proceeding in aid *311 of execution, without any knowledge on his, said Crowell’s part, that anv proceedings were then or had been pending against said Ball, to subject said stock, and without any knowledge that said Ball was indebted to said plaintiff; that the said W. J. Crowell is a bona fide pledgee of said stock in the amount above stated, without notice of any of said plaintiff’s claims or equities, and that said indebtedness is still due to said defendant, W. J. Crowell.
“It is therefore ordered, adjudged and decreed, that unless the costs of this action, the costs of the proceedings in aid of execution and the amount found due the plaintiff, with interest shall be paid within twenty days from the date of this decree, the sheriff of Cuyahoga county, Ohio, is directed to appraise, advertise and sell at public sale, according to law; for not less than two-thirds of the appraisement, the said ten shares of the capital stock of The American Exchange National Bank so owned by said defendant, Webb C. Ball, as herein found. And the said defendant The American Exchange National Bank is ordered to deliver to the purchaser of said stock at such sale, upon demand or order from such purchaser, ten shares of its capital stock free and clear of all incumbrances as a substitute for the said certificate No. 15, so issued to, and upon April 18,1898, standing in the name of the defendant, Webb C. Ball, as herein found, and upon the demand of said purchaser to transfer to such purchaser on the books of said defendant bank the said ten shares of stock. It is further ordered that from the proceeds of such sale the sheriff shall pay: First, the costs of this action, and of the said proceedings in aid of execution; second, to the plaintiff the said sum of $864.86 with interest as aforesaid, and bring the balance into court for further order.”
*312 ■ To reverse this judgment and decree of the circuit court this proceeding in error is prosecuted. The-facts of this case are undisputed, and the sole question here for determination is: Whether a judgment
creditor in a proceeding in aid of execution under the-Ohio statutes, by service of process upon a corporation thereby secures a lien upon stock in the corporation owned by the judgment debtor at the time of the-service of such process.
If (he action of the plaintiff below had been by attachment, and notice of garnishment had been duly served on the bank, Crowell as a subsequent pledgee of said stock would take it subject to the lien of such attachment. Such is the doctrine of National Bank v. Railway Co., 21 Ohio St., 221, and Norton v. Norton, 43 Ohio St., 509. The procuring of a lien by attachment and garnishee process, before judgment, upon the corporate stock of a stockholder, and the securing of a lien upon such stock after judgment by a proceeding in aid of execution, differ in no essential principle or particular except in the method of procedure. The right to subject such property alike exists in either case. If attachment proceedings be -instituted the statute provides, section 5538,. that the order of attachment shall bind the property attached from the time of its service. If proceedings-in aid of execution be the remedy invoked the statute-provides, section 5475, the order, in said section mentioned, shall bind the property in the possession or under the control of such person or corporation from the time of service. By force of the positive provisions of this latter section, in a proceeding in aid of execution, the property of the judgment debtor in the-possession or under the control of the corporation served with notice as in said section provided, is held *313 and bound from tlie time of the service of such notice. It is not disputed in this case but that a proceedin'' in aid of execution was duly and regularly commenced by The Towle Manufacturing Co. against Webb C. Ball and The American Exchange National Bank, and that said bank was on April 18,1898, duly served with notice as provided in section 5475. But it is claimed by counsel for plaintiff in error that at the time notice' was served upon said bank in the proceeding in aid of execution, that the property sought to be reached was not then in the possession or under the control of said bank, but that the same was then in the possession of said Webb C. Ball, he then holding and having in his possession the certificate for said ten shares, of stock, and that therefore said Towle Manufacturing Co. could not, and did not, acquire any lien upon said stock by service of process and notice upon the bank. This claim of plaintiff in error suggests and •presents the one proposition in this case that must govern and control the rights of the parties hereto, and the determination of which is decisive of this case, and that is: In whose possession was the stock in controversy at the time the bank was served with notice in the proceeding in aid of execution? Was it. then in possession of the plaintiff in error, Webb C. Ball, or was it in the possession of the bank? If at the time of the service of notice on the bank the ten .shares of stock owned by plaintiff in error and for-which he held thé certificate, were not then in contemplation of law in possession of said bank, but were-in legal contemplation then in possession of said plaintiff in error, then it is clear that the service of' notice on said bank could not operate to bind said stock, and no lien could attach to said stock in favor of the defendant in error by reason of the service of *314 such notice, for by the provisions of section 5475 said notice binds such property only as is at the time of its service “in the possession or under the control” of the corporation upon which such service is made. The conclusion of counsel for plaintiff in error, that at the time of the service of notice on the bank the stock in controversy was then in possession of Webb C. Ball results from the erroneous assumption and mistaken notion that the stock itself follows the certificate, and that possession of the certificate is possession of the stock. There is a marked and obvious distinction between the stock of a corporation and the certificate representing such stock. The certificate of shares of stock in a corporation is not the stock itself, but is a mere evidence of the stockholder’s interest in the corporate property of the corporation which issues said certificate. Cook on Stocks and Stockholders, section 485. In the absence of statutory or charter requirements no certificate of stock is necessary to attest the rights of the shareholder in the corporation, and such certificate when issued to the owner of shares of stock is merely an evidence or acknowledgment of the owner’s interest in the property of the corporation, but is not the property itself. In law a corporation is the trustee of the corporate property and holds the same for the benefit of the stockholders; and so long as such corporation continues to have a legal existence and to carry on the business for which it was created it alone is the proper custodian, and has possession of the corporate property. In Cook on Stocks and Stockholders, section 480, the author says:
“It has been held that if a stockholder whose stock has already been attached or sold on execution sells his certificate of stock after the levy of such attach *315 ment or execution, the vendee or transferee buys subject to such levy, even though he had no knowledge of it. The stock in contemplation of law has already been seized by the levy, and the purchaser is bound to lake notice of that fact. The only means of avoiding this danger in the purchase of stock is by an inquiry at the office of the corporation at the time of making the purchase.”
In Railroad Co. v. Paine & Co., 29 Gratt. Rep. (Va.), 502, it was sought .by attachment and garnishee process to reach and subject fifteen shares of stock belonging to one Trice, who was a stockholder in the plaintiff; corporation, to the payment of a debt owing by said Trice to defendant, Paine & Co. The court in that case, page 506, says: “Shares of a stockholder are such estate as is liable to be attached in a. proceeding instituted for that purpose by one of his creditors * * * and such estate may properly be considered for the purpose of such proceeding as in the possession of the corporation in which the shares are held, and such corporation may properly be summoned as garnishee in the case.” So in the case at bar, while the certificate for said ten shares of stock was, at the time of the commencement of the proceedings in aid of execution by The Towle Manufacturing Co., and at the time of the service of notice on the bank, in the hands of Webb C. Ball, the judgment debtor, yet the actual property, the stock itself, which such certificate represented, was then in the possession of the bank, and being in the possession of the bank, by force of the provisions of section 5475, such property was bound from the time the notice was served on said bank, and by the *316 service of said notice The Towle Manufacturing Co. acquired a valid lien thereon which it may enforce by a judicial sale of said stock. The circuit court having so found and adjudged, its judgment is

Affirmed.

Burkiot, C. J., Spear, Davis, Shauck and Price, JJ., concur.